IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADFORD COUNTY
BRANCH OF THE NAACP, *et al.*,

    *Plaintiffs*,

v.

BRADFORD COUNTY
SCHOOL BOARD, *et al.*,

    *Defendants*.

_____/

Case No. 86-4-Civ-J-12

## PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE FLORIDA STATE CONFERENCE OF NAACP BRANCHES

Plaintiffs file this agreed motion, respectfully requesting that this Court substitute the Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") as a Plaintiff in this matter, in lieu of the Florida NAACP's now-dormant Bradford County Branch, under Federal Rule of Civil Procedure 25, for the reasons more fully stated in the following Memorandum.

### MEMORANDUM

#### A. Background of the Case

1. On January 3, 1986, the Bradford County Branch of the NAACP, along with individual plaintiffs Elizabeth G. Walker, Jimmie L. Scott, Carolyn B. Spooner, and Maurice J. White, filed this class action suit against the Bradford County School Board and its five members. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the School Board then in place illegally excluded Black

1

representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2.   This suit was one of a trio of voting rights cases challenging at-large elections in Bradford County, the other two being *Bradford County Branch of the NAACP v. City of Starke*, No. 86-5-Civ-J-12, and *Bradford County Branch of the NAACP v. Bradford County*, No. 86-6-Civ-J-14.

3.   On May 6, 1986, upon motion by Plaintiffs, this Court certified a class of "all black residents of Bradford County, Florida." (Class Cert. Order, Doc. 12.)

4.   The Court, Judge Howell W. Melton, entered a consent decree on July 11, 1986, enjoining the School Board from conducting elections on an at-large basis and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 1) with a majority of Black voters and residents. (Final J. ¶¶ 3–7, Doc. 17.) The consent decree "set[] forth the mechanism and plan schedule for the Bradford County School Board, Florida, to conduct future elections for the members of the School Board" and "adopted and incorporated" the agreed plan as the remedy. (*Id.* ¶ 7.)

5.   The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members.

### B. Reopening of Case and Party Substitution

6.   As outlined in the Joint Motion to Reopen the Case File, submitted with this Motion, Plaintiffs now plan to seek modification of judgment jointly with Defendants, to update the School Board's redistricting map in accordance with the

2020 Census and the County's continuing duty to comply with the mandates of the Voting Rights Act.

7. Subsequent to the Final Judgment, Plaintiff Bradford NAACP has dissolved and ceased to exist as an independent entity.

8. The Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") is the parent organization into which the Bradford NAACP was subsumed. Members of each local NAACP branch are also members of the Florida NAACP, and each branch is an affiliate of the Florida NAACP. The Florida NAACP is therefore the successor-in-interest to the Bradford NAACP.

9. The Florida NAACP is a nonprofit, nonpartisan membership organization and the oldest civil rights organization in Florida, founded in 1909. The Florida NAACP was founded to remove all barriers of racial discrimination through democratic processes and through the enactment and enforcement of federal, state, and local laws securing civil rights, including laws relating to voting rights. The Florida NAACP's more than 12,000 members—including members in Bradford County—are predominantly Black and other minority individuals. The Florida NAACP engages in voter registration, public education, and advocacy concerning the right to vote to encourage civic and electoral participation among its members and others.

10. Federal Rule of Civil Procedure 25(c) provides, "[i]f an interest is transferred," the court may, "on motion, order[] the transferee to be substituted in the action . . . ." Rule 25 governs substitution "due to a transfer of interest through corporate dissolution." *Nat'l Indep. Theatre Exhib., Inc. v. Buena Vista Dist. Co.*, 748 F.2d

3

602, 610 (11th Cir. 1984). Therefore, this Court has the authority to grant the requested relief under Rule 25, and substitution is appropriate here. *See Cadlerock III, LLC v. Harry Brown & Co., LLC*, 754 F. App'x 780, 782 (11th Cir. 2018) (granting a motion to substitute the successor in interest in place of a dissolved receiver "[i]n light of the undisputed fact of the receiver's nonexistence"); *Khoury v. Hess Corp.*, 2015 WL 1508433, at *1 (M.D. Fla. April 1, 2015) (granting a motion to substitute a separate corporate entity as defendant where "transfer of interest occurred during the pendency of this action, and the record shows no evidence of prejudice to Plaintiff").

11. Substituting the Florida NAACP for its now-defunct branch will ensure that this action moves forward smoothly and the interests of the Plaintiffs and the NAACP's members are properly carried forward in the current proceedings and beyond.

12. Defendants agree to the relief requested by this Motion.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant their Motion and substitute the Florida State Conference of Branches and Youth Units of the NAACP as plaintiff in place of the Bradford County Branch of the NAACP.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned conferred with counsel for Defendants. Defendants agree to the relief requested by this Motion.

Respectfully submitted this 4th day of August, 2023,

*/s/ Nicholas Warren*
Nicholas Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc.**
336 East College Ave., Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

*Counsel for the Class and the Florida NAACP*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants by emailing a copy to Defendants' counsel Jeffrey J. Grosholz at jgrosholz@rumberger.com, which method of service he consented to in writing, on August 4th, 2023.

*/s/ Nicholas Warren*
Nicholas Warren (FBN 1019018)

5