IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADFORD COUNTY
BRANCH OF THE NAACP, *et al.*,

   *Plaintiffs*,

v.

BRADFORD COUNTY
SCHOOL BOARD, *et al.*,

   *Defendants*.
_____/

Case No. 86-4-Civ-J-12

## PARTIES' JOINT MOTION TO MODIFY JUDGMENT

Defendants BRADFORD COUNTY SCHOOL BOARD and its INDIVIDUALLY NAMED MEMBERS, Plaintiffs CAROLYN B. SPOONER and JIMMIE L. SCOTT,[1] and Proposed Plaintiff[2] the FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP ("Florida NAACP"), move to modify the Final Judgment in this case, dated July 11, 1986 (Doc. 17), pursuant to Federal Rule of Civil Procedure 60(b)(6). A copy of the Final Judgment is attached as Exhibit 1.

### MEMORANDUM

#### A. Background of the Case

1.    On January 3, 1986, the Bradford County Branch of the NAACP, along

---

[1]    Other class representatives Elizabeth G. Walker and Maurice J. White have passed away.
[2]    The Florida NAACP's Motion to Substitute in place of its defunct branch, Plaintiff Bradford County Branch of the NAACP, is filed with the instant Motion.

1

with individual plaintiffs Elizabeth G. Walker, Jimmie L. Scott, Carolyn B. Spooner, and Maurice J. White, filed this class action suit against the Bradford County School Board and its five members. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the School Board then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2. This suit was one of a trio of voting rights cases challenging at-large elections in Bradford County, the other two being *Bradford County Branch of the NAACP v. City of Starke*, No. 86-5-Civ-J-12, and *Bradford County Branch of the NAACP v. Bradford County*, No. 86-6-Civ-J-14.

3. On May 6, 1986, upon motion by Plaintiffs, this Court certified a class of "all black residents of Bradford County, Florida." (Class Cert. Order, Doc. 12.)

4. The Court, Judge Howell W. Melton, entered a consent decree on July 11, 1986, enjoining the School Board from conducting elections on an at-large basis and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 1) with a majority of Black voters and residents. (Final J. ¶¶ 3–7, Doc. 17.) The consent decree "set[] forth the mechanism and plan schedule for the Bradford County School Board, Florida, to conduct future elections for the members of the School Board" and "adopted and incorporated" the agreed plan as the remedy. (*Id.* ¶ 7.)

5. The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members.

### B. The 2023 Redistricting Process

6. Following the publication of the 2020 U.S. Census, the School Board analyzed its district map and determined that the county had experienced significant population shifts, resulting in substantial inequality of population between the five districts.

7. With input and support from Plaintiffs and in collaboration with the Bradford County Commission (whose district boundaries are identical), the School Board developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when population changes necessitate, *see, e.g.*, *Avery v. Midland Cnty.*, 390 U.S. 474 (1968); *Brown v. Thomson*, 462 U.S. 835 (1983); Fla. Stat. § 1001.36(1), while also complying with the mandates of the Voting Rights Act.

8. This effort culminated in the School Board's enactment of a redistricting plan ("2023 Redistricting Rule") on May 15, 2023. A copy of the 2023 Redistricting Rule is attached as Exhibit 2.

### C. Modification of Judgment

9. The Parties seek this Court's approval of the single-member district boundary plan adopted in the School Board's 2023 Redistricting Rule, and seek the Court to order implementation of the new plan for all future elections.

10. The Parties are entitled to relief from this Court's Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

3

11. Without a modification of the Final Judgment, the School Board will not be able to comply with its mandatory duty to maintain single-member districts of relatively equal population, as the U.S. Constitution requires.

12. In addition to bringing the Commission into compliance with the "One Person, One Vote" requirements of federal and state law, the newly adopted redistricting plan also fully complies with the Voting Rights Act and the other requirements of the Court's Final Judgment. Namely, the new plan affords Black voters in Bradford County an equal opportunity to participate in the political process and elect representatives of their choice.

13. The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. *See, e.g.*, *Bradford Cnty. Branch of NAACP v. City of Starke*, No. 3:86-cv-5-MMH-LLL (M.D. Fla. May 24, 2022) (ECF 10); *Glenn v. Jackson Cnty.*, No. 5:84-cv-2110-RV (N.D. Fla. Mar. 15, 2022) (ECF 72); *Glenn v. Jackson Cnty. Sch. Bd.*, No. 5:84-cv-2109-RV (N.D. Fla. Feb. 16, 2022) (ECF 54); *Tallahassee Branch of NAACP v. Leon Cnty.*, No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (ECF 147, 150, 152) (orders granting motions to modify judgment).

**WHEREFORE**, the Parties respectfully request that the Court grant their Joint Motion to Modify Judgment and enter an order approving the single-member district boundary adjustments as reflected in the 2023 Redistricting Rule, and ordering the School Board to implement them for future elections.

Respectfully submitted this 4th day of August, 2023,

/s/ Nicholas Warren
Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc**.
336 East College Ave., Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

*Counsel for the Class
and the Florida NAACP*

/s/ Jeffrey Grosholz
Jeffrey J. Grosholz (FBN 1018568)
**Rumberger, Kirk & Caldwell, P.A.**
101 North Monroe St., Suite 1050
Tallahassee, FL 32301
(850) 222-6550
jgrosholz@rumberger.com

*Counsel for Defendants*