**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP, et al.,

    Plaintiffs,

v.                                                                  Case No. 3:86-cv-4-TJC-MCR

BRADFORD COUNTY SCHOOL
BOARD, et al.,

    Defendants.

## O R D E R

This case is before the Court on the Parties' Joint Motion to Modify Judgment. (Doc. 4) in which Class Representatives Carolyn B. Spooner and Jimmie L. Scott, Plaintiff Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP"),[1] and Defendants Bradford County School Board and its members, move to modify the Final Judgment in this case, dated July 11, 1986 (see Doc. 1 (manual docket sheet) at entry Doc. 17; also of record at Doc. 4-1), pursuant to Federal Rule of Civil Procedure 60(b)(6).

---

[1] The Court granted the Florida NAACP's unopposed motion to substitute as a plaintiff as successor-in-interest of its now-defunct Bradford County branch on August 23, 2023. (Doc. 9).

**I. Background of the Case**

1. On January 3, 1986, the Bradford County Branch of the NAACP, along with individual plaintiffs Elizabeth G. Walker, Jimmie L. Scott, Carolyn B. Spooner, and Maurice J. White, filed this class action suit against the Bradford County School Board ("School Board") and its five members. (Compl., Doc. 1 (manual docket sheet) at entry Doc. 1). Plaintiffs alleged that the at-large election system for the School Board then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (Id. ¶ 1).

2. On May 6, 1986, upon motion by Plaintiffs, this Court certified a class of "all black residents of Bradford County, Florida." (Class Cert. Order, Doc. 1 (manual docket sheet) at Doc. 12).

3. The Court entered a consent decree on July 11, 1986, enjoining the School Board from conducting elections on an at-large basis and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 1) with a majority of Black voters and residents. (Final J. ¶¶ 3–7, Doc. 1 (manual docket sheet) at Doc. 17; Doc. 4-1). The consent decree "set[] forth the mechanism and plan schedule for the Bradford County School Board, Florida, to conduct future elections for the members of the School Board" and "adopted and incorporated" the agreed plan as the remedy. (Id. ¶ 7).

4. The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members.

## II. The 2023 Redistricting Process

5. Following the publication of the 2020 U.S. Census, the School Board analyzed its district map and determined that the county had experienced significant population shifts, resulting in substantial inequality of population among the five districts.

6. With input and support from Plaintiffs and in collaboration with the Bradford County Board of County Commissioners (whose district boundaries are identical), the School Board developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when population changes necessitate, see, e.g., Avery v. Midland Cnty., 390 U.S. 474 (1968); Brown v. Thomson, 462 U.S. 835 (1983); Fla. Stat. § 1001.36(1), while also complying with the mandates of the Voting Rights Act.

7. This effort culminated in the School Board's enactment of a redistricting plan ("2023 Redistricting Rule") on May 15, 2023. (Doc. No. 4-2).

## III. Modification of Judgment

8. The Parties now seek this Court's approval of the single-member district boundary plan adopted in the School Board's 2023 Redistricting Rule, and seek the Court to order implementation of the new plan for all future elections. See Doc. 4.

9. After consideration, the Court finds the Parties are entitled to relief from this Court's Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

10. Without a modification of the Final Judgment, the School Board will not be able to comply with its mandatory duty to maintain single-member districts of relatively equal population, as the U.S. Constitution requires.

11. In addition to bringing the School Board into compliance with the "One Person, One Vote" requirements of federal and state law, the newly adopted 2023 Redistricting Rule also fully complies with the Voting Rights Act and the other requirements of the Court's Final Judgment. Namely, the new plan affords Black voters in Bradford County an equal opportunity to participate in the political process and elect representatives of their choice.

12. The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. See, e.g., Bradford Cnty. Branch of NAACP v. City of Starke, No. 3:86-cv-5-MMH-LLL (M.D. Fla. May 24, 2022) (Doc. 10); Glenn v. Jackson Cnty., No. 5:84-cv-2110-RV (N.D. Fla. Mar. 15, 2022) (Doc. 72); Glenn v. Jackson Cnty. Sch. Bd., No. 5:84-cv-2109-RV (N.D. Fla. Feb. 16, 2022) (Doc.

4

54); Tallahassee Branch of NAACP v. Leon Cnty., No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (Docs. 147, 150, 152) (orders granting motions to modify judgment).

13.  Given the facts and circumstances described herein, the Court finds that the proposed amendment to the Final Judgment is justified, and that the terms requested are just.

14.  For the reasons stated above and pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court **GRANTS** the Parties' Joint Motion to Modify Judgment (Doc. 4).  Accordingly, it is hereby

**ORDERED**:

(a) The single-member district boundary plan as reflected in the Bradford County School Board Redistricting Rule enacted on May 15, 2023, is approved.

(b) The Bradford County School Board shall implement those boundaries for all future elections.

(c) Pursuant to the limited relief requested in the Parties' Joint Motion to Reopen Case (Doc. 2), which this Court granted (Doc. 9), upon entering the relief in this Order, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of September, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

Copies:

Counsel of record

6